In re Estate of Susan C. Sexauer.

Lydia Moeckly et al., Appellants, v. Isabel Albright et al., Appellees.

WILLS: Undue Influence—Fundamentally Erroneous Instruction. It is fundamentally erroneous so to instruct that the jury may find the existence of undue influence from the fact that the terms of the will are *unfair* and not in accord *with the previous intentions of the testator,* either express or implied.

*Appeal from Polk District Court.*—James C. Hume, Judge.

December 11, 1924.

Will contest: The testatrix was Susan C. Sexauer; the contestants, certain of the surviving children. The grounds of contest were mental incapacity and undue influence. The verdict of the jury sustained the contest, and judgment was entered thereon. The proponents appealed.—*Reversed and remanded.*

*Miller, Kelly, Shuttleworth & McManus,* for appellants.

*Dale & Harvison,* for appellees.

Evans, J.—The will in question was executed on September 15, 1920. It was not executed *in extremis.* It was executed in

Des Moines, in the office of her attorney, and drawn by her attorney. She was 86 years of age, and lived until the month of May following. She was survived by ten children and two grandchildren, who were the sons of a predeceased daughter. At the time of the making of the will, three of her children were nonresidents of Iowa. The will bequeathed to them $100 each. The residue of the estate was devised as follows: One fifteenth thereof each to the two grandsons and to one daughter, and two fifteenths thereof each to the six other children resident in Iowa. The apparent discrimination of the will is principally suffered by the three nonresident children and by one resident daughter. Other beneficiaries of the will, however, joined in the contest. On the question of undue influence, the petition alleges that it was exercised upon the testatrix by Jacob Sexauer, the original proponent of the will, and the executor named therein. The argument of the appellants is devoted largely to the contention that there was no evidence either of mental incompetency or undue influence. Because there must be a new trial awarded, for the reasons later indicated herein, we shall not consider the sufficiency of the evidence as to mental incompetency. Other evidence thereon may be produced at the subsequent trial.

I. Complaint is made of Instruction No. 6, given by the trial court, as follows:

"If you find from the evidence that the testatrix, Susan Sexauer, was old, and of impaired mind and memory, even although she may not have been legally incompetent to make a will, yet the will of such a person ought not to be sustained unless it appears that the disposition of her property therein made, has been fairly made, to have emanated from a free will, without the interposition of others, and to accord with intentions either previously expressed, or implied from family relations; and, in this case, the testatrix being over 86 years of age when she made her will, if you find from the evidence that her mind and memory were impaired, and even although you find she had sufficient mental capacity to make a will, yet if, from the evidence, you believe that a disposition of her property has been made which is unfair to her lawful heirs and legal representatives; that such disposition did not emanate from a

free will, and is not in accord with her previous intentions, either expressed or implied from the family relations,—you will be justified in finding that it is not the voluntary and free will of the testatrix, and that such will was obtained by undue influence and is not entitled to probate."

The foregoing instruction appears to have been a copy of one approved in the case *In re Will of Ames,* 51 Iowa 596. The instruction has been since that time disapproved a number of times. *Webber v. Sullivan,* 58 Iowa 260; *Liddle v. Salter,* 180 Iowa 840, 850, 856; *In re Estate of Cooper,* 196 Iowa 116, 123.

In *Cash v. Dennis,* 159 Iowa 18, we held that the giving of the instruction was not a reversible error, because of its conformity to prior cases, but we stated our disapproval thereof as follows:

"We find no reversible error in the giving of this instruction, and yet, at the same time, we do not approve of the wording of the instruction, and suggest that the law can be more clearly stated in some other form than that in which it is expressed in this instruction."

In *Ross v. Ross,* 140 Iowa 51, a like instruction was copied into the opinion from the record below, not for the purpose of reviewing it, but as an answer to the contestants' complaint of the unfairness to them of the instructions of the court below. In that case, the contestants were appellants. No complaint was lodged against this instruction, and it was not under review. The fact that it was copied in the opinion left room for the implication that it would have been approved if it had been under attack. In *Liddle v. Salter,* 180 Iowa 840, 850, 857, this particular form of instruction was under review, and was condemned. We said:

"The instruction is disapproved, and should not be given in any case."

It will be noted that, under the first part of such instruction, an improper burden of proof was laid upon the proponent. He was required thereby to make it appear: (1) That the disposition of the property of the testatrix "has been fairly made;" (2) "that it emanated from a free will, without interposition of others;" (3) that it did "accord with intentions either previously expressed or implied from family relations."

It is true that, by the latter part of the same instruction, the reverse burden of proof was put on the contestants. But this only served to create a conflict in two parts of the instruction, and was not curative of the error. The objective of the instruction was the question of undue influence. The record contains no other evidence of undue influence than the circumstances recited in the instruction. The effect of the instruction was to permit the jury to find undue influence, if they believed that the terms of the will were *unfair*, and *not in accord with the previous intentions* of the testatrix, either expressed or implied. This was erroneous. The jury cannot be permitted to substitute its judgment for that of the testatrix as to what is a fair distribution. *In re Will of Martin*, 166 Iowa 233. This is not saying that they may not consider whether the disposition made is natural or unnatural, reasonable or unreasonable, as bearing upon the question of mental competency or undue influence, provided that there be other evidence in the record fairly tending to show mental incompetency or undue influence. This record discloses no standard whereby the jury could say that the will was unnatural or unreasonable. We reach the conclusion, also, that, because the record discloses no evidence of undue influence, such issue ought to have been withdrawn from the jury, on the motion of proponents to that effect.

Because of the giving of Instruction No. 6, here considered, and because of the failure to withdraw the issue of undue influence, the judgment below must be reversed. In view of our repeated disapproval of the form of the instruction here considered, and in view of the fact that it was approved in the *Ames* case, 51 Iowa 596, we deem it our duty now to definitely overrule the *Ames* case, so far as its approval of such instruction is concerned.—*Reversed and remanded.*

ARTHUR, C. J., and PRESTON and FAVILLE, JJ., concur.